# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202<br>Telephone: 720-865-8301 | DATE FILED: April 15, 2019 4:29 PM<br>FILING ID: 286EC1AE3F117<br>CASE NUMBER: 2019CV31474 |
| Plaintiff:    SANDRA LOPEZ<br><br>v.<br><br>Defendants:  MAURICIO PARRA, SEABOARD FOODS LLC, SEABOARD CORPORATION, and SEABOARD FOODS SERVICES, INC. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff<br>Sean McCrary, Reg. No. 46061<br>Theodore Ridder, Reg. No. 43755<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado  80014<br>Phone Number:  (303) 757-3300<br>Fax Number:     (303) 759-5203<br>Email:         RidderT@fdazar.com<br>               McCraryS@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Sandra Lopez, by and through her attorneys, Franklin D. Azar & Associates, P.C., for her Complaint against Defendants, states and alleges as follows:

## **GENERAL ALLEGATIONS**

1. Plaintiff Sandra Lopez (hereinafter "Lopez") is, and at all times relevant hereto was, a citizen and resident of the City of Lamar, County of Prowers, State of Colorado.

2. Upon information and belief, Defendant Mauricio Parra (hereinafter "Parra") is, and at all times relevant hereto was, a citizen and resident of the City of Guymon, County of Texas, State of Oklahoma.

3. Upon information and belief, Defendant Seaboard Foods LLC is an Oklahoma Corporation with its principal place of business in Merriam, Kansas.

4. Upon information and belief, Defendant Seaboard Corporation is a Delaware Corporation with its principal place of business in Merriam, Kansas.

5. Upon information and belief, Defendant Seaboard Foods Services Inc. is a Kansas Corporation with its principal place of business in Merriam, Kansas.

6. At all times relevant hereto, Defendants Seaboard Foods LLC, Seaboard Corporation, and Seaboard Foods Services Inc. (hereinafter collectively referred to as "Seaboard") were doing business in the State of Colorado.

7. The registered agent for service of process for the Seaboard Defendants is Cogency Global, Inc., 12649 West Warren Avenue, Lakewood, CO 80228.

8. The Seaboard Defendants are producers, processors and transporters of pork products.

9. The Seaboard Defendants operate commercial motor vehicles registered with the United States Department of Transportation.

10. On May 9, 2016 the Seaboard Defendants owned or leased a 2015 Autocar Truck (hereinafter "the Seaboard Truck").

11. The Seaboard Truck has Vehicle Identification Number 5VCACLUGXFH218495

12. On May 9, 2016, at approximately 10:12 p.m., Defendant Parra was operating the Seaboard Truck.

13. On May 9, 2016, at approximately 10:12 p.m., Defendant Parra was traveling in a southbound direction in the left, inside lane of the 300 block of South Main Street in the City of Lamar, County of Prowers, State of Colorado.

14. On May 9, 2016, at approximately 10:12 p.m., Plaintiff Lopez was operating a 2004 Oldsmobile sedan (hereinafter "the Lopez vehicle").

15. On May 9, 2016, at approximately 10:12 p.m., Plaintiff Lopez was traveling in a southbound direction in the right, outside lane on the 300 block of South Main Street in the City of Lamar, County of Prowers, State of Colorado.

16. At the time and place aforesaid, Defendant Parra attempted to make a lane change from the left lane into the right lane on the 300 block of South Main Street.

17. As Defendant Parra attempted to change lanes, the right side of the Seaboard Truck struck the left side of the Lopez Vehicle (hereinafter "the collision").

18. As a result of the collision, the Lopez vehicle spun 180 degrees.

19. At the time of the collision, it was dark, but the street was lighted.

20. At the time of the collision, there was no precipitation.

21. At the time of the collision, the road surfaces were dry.

22. At the time of the collision, there were no adverse weather conditions.

23. At the time of the collision, Defendant Parra was driving a commercial motor vehicle.

24. At the time of the collision, Defendant Parra did not possess a Colorado Commercial Driver License.

25. At the time of the collision, Defendant Parra was a commercial vehicle driver involved in the commercial trucking business.

26. At the time of the collision, Defendant Parra was a commercial vehicle driver engaging in commercial activities intrastate within the State of Colorado.

27. The Seaboard Defendants are involved in the commercial trucking business doing deliveries interstate.

28. The Seaboard Defendants are involved in the commercial trucking business doing deliveries intrastate within the State of Colorado.

29. United States Department of Transportation Rules and Regulations applied to Defendant Parra at the time of the collision.

30. United States Department of Transportation Rules and Regulations applied to the Seaboard Defendants at the time of the collision.

31. The Federal Motor Carrier Safety Administration Rules and Regulations applied to Defendant Parra at the time of the collision.

32. The Federal Motor Carrier Safety Administration Rules and Regulations applied to the Seaboard Defendants at the time of the collision.

33. Colorado traffic rules and regulations applied to Defendant Parra at the time of the collision.

34. Colorado traffic rules and regulations applied to the Seaboard Defendants at the time of the collision.

35. The collision was investigated by Officer Dunagan with the Lamar Police Department.

36. Officer Dunagan issued a traffic citation to Defendant Parra for changing lanes when unsafe in violation of C.R.S. § 42-4-1007(1)(a).

37. Defendant Parra changed lanes in an unsafe manner at the time of the collision.

38. Defendant Parra's unsafe lane change caused bodily injury to Plaintiff Lopez.

39. Defendant Parra pled guilty to a traffic violation stemming from the collision.

40. Defendant Parra pled guilty to changing lanes when unsafe in violation of C.R.S. § 42-4-1007(1)(a).

41. Plaintiff Lopez did nothing to cause the collision

42. Plaintiff Lopez did nothing to contribute to the cause of the collision.

43. The collision was the sole responsibility of Defendant Parra.

44. At the time of the collision, Defendant Parra had a valid Commercial Drivers License issued by the state of Oklahoma.

45. At the time of the collision, Plaintiff Lopez was properly restrained.

46. Following the collision, Defendant Parra underwent drug testing.

47. Following the collision, Defendant Parra underwent alcohol testing.

48. Defendant Parra had a duty to drive safely at all times.

49. At all relevant times, Defendant Parra had an obligation to keep a careful lookout for other traffic on the roadway.

50. At all relevant times, Defendant Parra had an obligation to see what was plainly visible.

51. At the time of the collision, Defendant Parra was required to follow all traffic rules and regulations in effect.

52. At the time of the collision, Defendant Parra operated the Seaboard truck in disregard for the traffic regulations in effect.

53. Defendant Parra's unreasonable acts immediately prior to the collision were in violation of his duty of reasonable care owed to Defendant Lopez.

54. Defendant Parra's unreasonable acts immediately prior to the collision were in violation of his duty of reasonable care to other drivers on the road.

55. Defendant Parra's unreasonable conduct immediately prior to the time of the collision was sufficient to cause, and did cause, injury to Plaintiff Lopez.

56. At the time of the collision, Defendant Parra was acting within the course and scope of his employment with the Seaboard Defendants.

57. The Seaboard Defendants are jointly and severally liable for the negligence of Defendant Parra under the doctrine of *respondeat superior.*

58. No third party caused or contributed to the cause of the collision.

59. No third party caused or contributed to the cause of Plaintiff Lopez' injuries, damages, and losses.

60. Plaintiff Lopez has not failed to mitigate her damages.

61. Plaintiff Lopez has not been injured in an unrelated incident subsequent to the collision.

62. Venue is proper in this action pursuant to C.R.C.P. § 98(c)(1) as the defendants are nonresidents who may be found in the City of Denver, County of Denver, State of Colorado.

## FIRST CLAIM FOR RELIEF
*(Negligence Against Defendant Parra)*

63. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

64. The actions of Defendant Parra immediately prior to and at the time of the collision, including, but not limited to, changing lanes when unsafe, were negligent.

65. As a direct, proximate and foreseeable result of the negligent conduct of Defendant Parra, Plaintiff Lopez suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physicians' bills, loss of earnings and earning capacity, disfigurement and permanent impairment in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
*(Negligence Per Se Against Defendant Parra)*

66. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

67. The acts and omissions of Defendant Parra immediately prior to and at the time of the collision were in violation of applicable statutes and ordinances of the State of Colorado, including, but not limited to, C.R.S. § 42-4-1007(1)(a) (Changing Lanes when Unsafe), C.R.S. § 42-4-1401 (Reckless Driving) and C.R.S. § 42-4-1402(2)(b) (Careless Driving Causing Bodily Injury).

68. Plaintiff Lopez was a person within the class of persons that the aforementioned statutes were enacted to protect.

69. Defendant Parra's violation of one or more of the aforementioned statutes constitutes negligence *per se*.

70. As a direct, proximate and foreseeable result of the negligence *per se* of Defendant Parra, Plaintiff Lopez suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physicians' bills, loss of earnings and earning capacity, disfigurement and permanent impairment in amounts to be determined at trial.

## THIRD CLAIM FOR RELIEF
*(Respondeat Superior Against the Seaboard Defendants)*

71. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

72. Upon information and belief, at all times relevant hereto, Defendant Parra was employed by and acting within the course and scope of his employment, or had some other agency relationship with Defendant Seaboard Foods LLC.

73. Upon information and belief, at all times relevant hereto, Defendant Parra was employed by and acting within the course and scope of his employment, or had some other agency relationship with Defendant Seaboard Corporation.

74. Upon information and belief, at all times relevant hereto, Defendant Parra was employed by and acting within the course and scope of his employment, or had some other agency relationship with Defendant Seaboard Foods Services, Inc.

75. Upon information and belief, at all times relevant hereto, Defendant Parra was employed by and acting within the course and scope of his employment, or had some other agency relationship with the Seaboard Defendants.

76. Pursuant to the doctrine of *respondeat superior,* the Seaboard Defendants are legally liable and responsible, both jointly and severally, for the acts and omissions of their employee, Defendant Parra, which occurred while he was acting within the course and scope of his employment with the Seaboard Defendants. Therefore the Seaboard Defendants are legally liable and responsible for the injuries, damages, and losses sustained by Plaintiff Lopez.

77. As a direct, proximate and foreseeable result of the negligence of Defendant Parra, for which the Seaboard Defendants are jointly and severally and vicariously liable, Plaintiff Lopez suffered physical injuries, past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physicians' bills, loss of earnings and earning capacity, disfigurement, and permanent impairment in amounts to be determined at trial.

## FOURTH CLAIM FOR RELIEF
*(Negligence Against the Seaboard Defendants)*

78. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

79. Upon information and belief, the Seaboard Defendants were negligent in the hiring, training and/or supervision of Defendant Parra.

80. As a direct, proximate and foreseeable result of the negligence of the Seaboard Defendants, Plaintiff Lopez suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physicians' bills, loss of earnings and earning capacity, disfigurement and permanent impairment in amounts to be determined at trial.

WHEREFORE, Plaintiff Sandra Lopez prays for judgment against Defendants for all general and special damages, all statutory and necessary costs, including but not limited to expert witness fees and expenses incurred in investigation and discovery required to present Plaintiff's claims, interest from the date of the occurrence, post judgment interest at the statutory rate, and for such other and further relief as the Court shall deem just, proper and appropriate under the circumstances.

Respectfully submitted this 15th day of April, 2019.

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**

*Pursuant to C.R.C.P. 121 § 1-29(9), original is duly signed and on file at the office of Franklin D. Azar & Associates, P.C., and will be made available for inspection by other parties of the Court upon request.*

 /s/ Sean McCrary

                                Sean McCrary, Reg. No. 46061
                                *Attorneys for Plaintiff*

**Plaintiff's Address:**
**707 South 9th Street**
**Lamar, CO 8105**